[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12782

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-01529-CV-T-27-EAJ

RICHARD S. GALLINA,
HORNE BROTHERS CONSTRUCTION, INC.,

Plaintiffs-Appellants,

versus

COMMERCE AND INDUSTRY INSURANCE,

Defendant-Appellee,

COMMERCIAL UNION INSURANCE COMPANY,
n.k.a. Onebeacon America Insurance Company,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2010)

Before DUBINA, Chief Judge, MARTIN and HILL, Circuit Judges.

PER CURIAM:

Plaintiffs/Appellants Richard S. Gallina and Horne Brothers Construction, Inc., ("Horne"), appeal the district court's grant of summary judgment in favor of Defendant/Appellee, Commerce and Industry Insurance ("C&I"), in this insurance bad faith case.

This court reviews *de novo* a district court's grant of summary judgment, and will construe all the facts and inferences in the light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's grant of summary judgment in favor of C&I. Horne's bad faith claims fail as a matter of law for two separate but equally persuasive reasons:

(1) Horne breached the cooperation clause of the policy thereby foreclosing Plaintiffs' bad faith claim. *See Continental Cas. Co. v. City of Jacksonville*, 283 F. App'x 686, 691-92 (11th Cir. 2008); and

(2) Horne has not suffered a verdict exposing it to damages in excess of the policy's limits, nor has it been damaged in any way, and there is no reason, under these facts, to stray from the Florida rule that an insured under a standard-liability policy must suffer damages before pursing a bad faith claim against its insurer.

*See Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994).

Practically, Horne's act of prematurely settling the case in violation of the insurance policy prevents this court from knowing whether Horne would have suffered damages in excess of the policy limits. The facts in this case are undisputed that C&I at all times defended Horne, Horne at all times accepted the defense, yet Horne breached its contract with C&I by settling its case with the injured party, without C&I's consent, and rejecting C&I's unconditional defense. For these reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**